IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD DRAINE, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | FILED: MAY 13, 2009 |
| v. ) | 09CV2917 |
| ) | JUDGE CASTILLO |
| CHAD BAUMAN, Star No. 15110, ) | MAGISTRATE JUDGE COLE |
| UNKNOWN CHICAGO POLICE OFFICERS, ) | CH |
| and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | Jury Demand |

**COMPLAINT**

Plaintiff, EDWARD DRAINE, by his attorney, KURT H. FEUER, complaining of Defendants, CHAD BAUMAN, UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF CHICAGO, states as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. Plaintiff also brings a related state law claim.

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims

asserted herein all occurred within this district.

## Background

4. Plaintiff, Edward Draine, resides with his family at 4201 W. Wilcox, Chicago, Illinois, in a single family home.

5. In the late night hours of March 26, 2009 or the early morning hours of March 27, 2009, Mr. Draine returned home with his family from a church outing.

6. Upon arriving home, Plaintiff discovered that the front door had been broken in and was wide open.

7. Upon entering his home, Plaintiff discovered that his house had been ransacked and robbed. Numerous items, including his tools for work, television, tires, and clothing were gone.

8. Plaintiff found a copy of a search warrant on the floor of his home. The warrant was obtained by Officer Chad Bauman of the Chicago Police Department, and listed Plaintiff's residence as the premises to be searched.

9. The search warrant also stated that it was for an individual named "Twan," a black male approximately 25 years old and 6'5", 185 pounds. The warrant sought the seizure of heroin and various items related to drug dealing.

10. Plaintiff and his family have been living in the subject residence for approximately four months. Prior to that, Plaintiff worked on rehabbing the home for the owner, a friend

of his, for approximately four months. Prior to that the building was vacant and boarded up for approximately eight months.

11. Plaintiff has no idea who "Twan" may be, and no such individual has resided or been present at the subject home to Plaintiff's knowledge.

12. Plaintiff contacted the Chicago Police Department to report the burglary and to complain that police had broken into his home for no valid reason and left it unsecured, allowing the theft of virtually everything he owned.

13. Approximately two days later a repair service came to Plaintiff's home at the behest of the City of Chicago and repaired Plaintiff's door.

14. Plaintiff estimates his loss of property at approximately $20,000. Plaintiff has no insurance to cover the loss.

**Count I -- Section 1983**
**Fourth Amendment**
**(Unlawful Search)**

15. Each of the foregoing Paragraphs 1 through 14 is incorporated as if restated fully herein.

16. As described more fully above, Officer Bauman and the Unknown Defendant Officers, acting under color of law and within the scope of their employment as Chicago Police Officers, improperly and unreasonably exceeded the scope of their lawful

authority in conducting an unlawful and unreasonable search of Plaintiff's residence, thereby violating the United States Constitution.

17. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

18. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including, monetary damages and mental distress and anguish.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against Officer Chad Bauman and the Unknown Defendant Officers, as well as punitive damages against Officer Bauman and the Defendant Officers in their individual capacities, and to award Plaintiff his reasonable attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT II -- State Law Claim
### Willful and Wanton Conduct
### 745 ILCS 10/2-202

19. Each of the foregoing Paragraphs 1 through 14 is incorporated as if restated fully herein.

20. Officer Bauman and the Unknown Defendant Officers were aware that leaving Plaintiff's home unsecured with the

4

front door broken and wide open posed a risk that Plaintiff's home would be burglarized.

21. In leaving Plaintiff's home unsecured and in such condition, Officer Bauman and the Unknown Defendant Officers exhibited an utter indifference or conscious disregard to the known risk they created, and their conduct amounted to willful and wanton conduct.

22. Plaintiff suffered damages when his home was burglarized, and estimates his loss of property therefrom at $20,000.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against Officer Chad Bauman the Unknown Defendant Officers, as well as punitive damages against Officer Bauman and the Defendant Officers in their individual capacities, and to award Plaintiff his reasonable attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT III -- State Law Claim
### Indemnification

23. Each of the foregoing Paragraphs 1 through 14 is incorporated as if restated fully herein.

24. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment

activities.

25. Defendant Bauman and the Unknown Defendant Officers, who all are or were employees of the City of Chicago, acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against Defendant the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT IV -- State Law Claim
### Respondeat Superior

26. Each of the foregoing Paragraphs 1 through 14 and 19 through 22 is incorporated as if restated fully herein.

27. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were agents of the City of Chicago, and were acting at all relevant times within the scope of their employment.

28. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE Plaintiffs respectfully request this Court to enter judgment for monetary damages against Defendant the CITY OF CHICAGO to award Plaintiffs their attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

activities.

25. Defendant Bauman and the Unknown Defendant Officers, who all are or were employees of the City of Chicago, acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against Defendant the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT IV -- State Law Claim
### Respondeat Superior

26. Each of the foregoing Paragraphs 1 through 14 and 19 through 22 is incorporated as if restated fully herein.

27. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were agents of the City of Chicago, and were acting at all relevant times within the scope of their employment.

28. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE Plaintiffs respectfully request this Court to enter judgment for monetary damages against Defendant the CITY OF CHICAGO to award Plaintiffs their attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

[s] Kurt H. Feuer
Attorney for Plaintiff

Kurt H. Feuer
Attorney at Law
312 North May St
Suite 100
Chicago, IL 60607
(312) 265-2208