IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DRAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-2917 |
| | ) | |
| CHAD BAUMAN, Star No. 15110, CITY OF CHICAGO, and UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' MEMORANDUM OF LAW
### ON THE APPLICATION OF *FRANKS V. DELAWARE*

Defendants Chad Bauman ("Officer Bauman") and City of Chicago ("City") (collectively, "Defendants") respectfully submit this memorandum in response to this Court's request during the pretrial conference of October 13, 2010.

*Franks v. Delaware* supplies the standard for challenging a search warrant in a civil case. *Suarez v. Town of Ogden Dunes*, 581 F.3d 591, 596 (7th Cir. 2009) (citing *Franks v. Delaware*, 438 US 154, 165 (1978); *Molina ex rel. Molina v. Cooper*, 325 F.3d 963, 968 (7th Cir. 2003)); *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994) ("A section 1983 plaintiff challenging a warrant on this basis must make the same showing that is required at a suppression hearing under *Franks v. Delaware*."). Because search warrant affidavits carry a presumption of validity under *Franks*, plaintiffs who challenge presumptively valid affidavits in civil cases must overcome the *Franks* standard. *Suarez*, 581 F.3d at 596 (citations omitted). And challenging search warrant affidavits "is tough sledding." *Id.*

To overcome the presumption, plaintiffs must "provide evidence that the officers knowingly or intentionally or with a reckless disregard for the truth made false statements to the judicial officer and

- 1 -

show that the false statements were necessary to the judicial officer's determination that probable cause existed." *Suarez*, 581 F.3d at 596 (internal marks and citations omitted).

Even then, "the federal supervisory power does not give 'the federal judiciary a 'chancellor's foot' veto over law enforcement practices of which it (does) not approve.'" *United States v. Cortina*, 630 F.2d 1207, 1214 (7th Cir. 1980) (quoting *United States v. Russell*, 411 U.S. 423, 435 (1973)). "The essential protection of the warrant requirement of the Fourth Amendment . . . is in requiring that the usual inferences which reasonable men draw from evidence be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Illinois v. Gates*, 462 U.S. 213, 240 (1983) (internal marks and citation omitted). So "a magistrate's determination of probable cause should be paid great deference by reviewing courts," *id.* at 236, even though "[r]easonable minds frequently may differ on the question whether a particular affidavit establishes probable cause." *United States v. Leon*, 468 U.S. 897, 914 (1984).

Great deference is particularly important when an issuing judge has questioned an informant at a probable cause hearing. *Unites States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000); *see generally* 2 W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.3(c) (4th ed., 2009-10 suppl.) ("[I]n the rare case where the informant directly serves as the affiant for a search warrant, thereby running the risk of a perjury prosecution should it later appear that he lied, it may fairly be concluded that the information given by the informant under oath is reliable.").

*Jones* upheld the denial of a *Franks* hearing, finding the search warrant affidavit supported probable cause. *Jones*, 208 F.3d at 609. Specifically, the Seventh Circuit found:

> perhaps *most importantly* in this case, Jane Doe *appeared* at the
> probable cause hearing and *was subject to questioning* by the issuing
> judge. "[W]hen a CI accompanies the officer and is available to give
> testimony before the judge issuing the warrant, his presence adds to the
> reliability of the information used to obtain the warrant, because it
> provides the judge with an opportunity to 'assess the informant's

> credibility and allay any concerns he might have had about the veracity of the informant's statements.'"

*Id.* (emphasis added and citations omitted); *cf. United States v. Krull*, 480 U.S. 340, 349 (1987) ("It is the judicial officer's responsibility to determine whether probable cause exists to issue a warrant, and, in the ordinary case, police officers cannot be expected to question that determination."). Also relevant in *Jones*, "Jane Doe's information came from her personal observations and was 'specific and detailed'" and the officer "corroborated as much of Jane Doe's information as he could before seeking the search warrant." *Jones*, 208 F.3d at 609. The officer corroborated her information by driving her past the residence, confirming her description of the residence, and running a background check. *Id.* at 606; *United States v. Peck*, 317 F.3d 754, 757 (7th Cir. 2003) ("The police need not always take these steps [in *Jones*] when trying to corroborate a CI's statements.").

Beyond a presumption of validity, *Franks* also found that a truthful factual showing of probable cause:

> . . . does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true.

*Franks*, 438 U.S. at 165 (citation omitted). Consequently, "law enforcement agents are entitled to draw reasonable inferences from the facts before them, based on their training and experience." *Suarez*, 581 F.3d at 596.[1]

---

[1] "[Affidavits] are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area." United States v. Ventresca, 380 U.S. 102, 108 (1965); accord United States v. Jones, 208 F.3d 603, 608 (7th Cir. 2000) ("Given the expediency with which officers typically serve a search warrant after it is obtained it is doubtful that they would have had the time to proof read all of the supporting documentation."); United States v. Leisure, 844 F.2d 1347, 1354 (8th Cir. 1988) (Courts do not "undertake a piecemeal dismemberment of the various paragraphs of the affidavit without attention to its force as a whole.").

*Suarez* affirmed the entry of summary judgment by applying *Franks* to a Fourth Amendment claim under Section 1983. 581 F.3d at 595-97. "'All the kids retreated into the home . . . and [we] could see kids hiding behind the couches,'" an officer swore in his application for a warrant. *Id.* at 595. In their civil suit, the plaintiffs alleged the officer had lied in his application. *Id.* at 596. They argued it was a lie that "kids could actually be seen hiding behind furniture," and the officer's "formulation that '[a]ll the kids retreated into the home' misleadingly implied that [he] saw the kids go into the home." *Id.*

The Seventh Circuit found the plaintiffs were "nit-picking" and the officer's language reflected a reasonable inference that kids were in the home. *Id.*; *accord id.* at 598 ("Given the presence of the cars outside the home, the teenagers' presence within, as noted, was a reasonable inference for the officers to make."). Thus, the officer's statements were not lies or misrepresentations—but statements of reasonable inferences—which are insufficient to overcome a presumption of validity, and summary judgment was proper. *Id.*

But even with a falsity in an affidavit, the standard is not whether the affidavit contains a false statement, but whether the affiant knew, or should have known, that a statement was false. *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000); *United States v. Roth*, 201 F.3d 888, 892 (7th Cir. 2000) ("*Franks* makes clear that it is the mind of the affiant that is at issue.").

*Jones* found the presumption of validity was not overcome, when the defendant argued the search warrant was invalid because a Jane Doe's allegations were inaccurate. *Jones*, 208 F.3d at 607-08. Specifically, the defendant claimed that he could not have been with the informant on the date listed in the affidavit because he was in a different city. *Id.* at 607. The court rejected the argument, explaining "[t]he fact that a third party lied to the affiant, who in turn included the lies in a warrant affidavit, does not constitute a *Franks* violation. A *Franks* violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth." *Id.* (citation and internal marks

omitted). Without evidence on state of mind, the defendant "utterly failed to establish by a 'substantial preliminary showing' that the search warrant affidavit contained material misrepresentations." *Id.* at 607; *accord United States v. Roth*, 201 F.3d 888, 892 (7th Cir. 2000) ("*Franks* makes clear that it is the state of mind of the affiant that is at issue.").

Also in *Jones*, the Seventh Circuit rejected the defendant's argument that recklessness was shown by the officer "incorporating Jane Doe's allegations into his affidavit without first doing more to corroborate them." *Id.* The court found that "point[ing] out additional things which could have been done but were not does not in any way detract from what was done." *Id.* To challenge a presumptively valid affidavit, "the 'substantial preliminary showing' . . . must focus on the state of mind of the warrant affiant, that is the police officer who sought the search warrant." *Id.* (quoting *Franks*, 438 U.S. at 171).

In sum, *Franks* supplies the standard for challenging a search warrant in a civil case. Plaintiff must meet the standard *Franks* provides to overcome a presumptively valid affidavit, which includes: a standard of great deference, especially when an issuing judge has questioned an informant at a probable cause hearing; an entitlement for police to draw reasonable inferences from the facts before them, based on their training and experience; and showing the affiant knew, or should have known, that a statement was false.

Dated: October 14, 2010

                                                Respectfully submitted,

                                                MARA S. GEORGES
                                                Corporation Counsel
                                                City of Chicago

                               By:    /s/ Thomas J. Aumann
                                       THOMAS J. AUMANN
                                       Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
*t* (312) 744-7630
*f* (312) 744-6566
*e* thomas.aumann@cityofchicago.org

<u>Certificate of Service</u>

    I hereby certify that I have caused true and correct copies of the above and foregoing memorandum to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 14th day of October, 2010.

                                                  /s/ Thomas J. Aumann
                                                THOMAS J. AUMANN
                                                Assistant Corporation Counsel