IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DRAINE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 2917 |
| | ) | |
| v. | ) | |
| | ) | |
| CHAD BAUMAN, Star No. 15110, | ) | Magistrate Cole |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM ON THE APPLICABILITY OF *FRANKS V. DELAWARE*

Plaintiff, EDWARD DRAINE, by his attorney, KURT H. FEUER, as his response to Defendants' Memorandum on the Application of *Franks v. Delaware* in this matter, states as follows:

Defendants' memorandum conflates and confuses a number of different concepts concerning Fourth Amendment law that have no applicability to the issues the jury must decide in this case, including the deference a *reviewing court* should pay to a *magistrate's* determination of probable cause, and the presumption of validity given by a *criminal court* to an affidavit in support of a search warrant. *Franks* refers to this latter presumption in concluding that a criminal defendant must make specific allegations that statements in the affidavit were made in reckless disregard of the truth in order to obtain an evidentiary hearing challenging the validity of the warrant. *Franks* thus held that if the affidavit for search warrant contains falsehoods made in reckless disregard of the truth, and those false statements were necessary to a finding a probable cause, a search warrant may be voided, and the exclusionary rule may apply.

Civil cases have adapted this holding in *Franks* to Section 1983 claims for violations of the Fourth Amendment's prohibition of unlawful searches, holding that a police officer may be liable if his affidavit for warrant contains false statements made with reckless disregard for the truth. See, e.g., *United States v. Harris*, 464 F.3d 733, 738 (7th Cir. 2006); *Perlman v. City of*

1

*Chicago*, 810 F.2d 262, 264-65 (7th Cir. 1986). The questions for a jury in a civil case, however, and the only questions here, are whether the *officer* obtained the subject search warrant based on an affidavit containing false statements made in reckless disregard for the truth, and whether probable cause existed without those statements. The jury must make this determination in a civil case, regardless of whether the issuing magistrate found probable cause. This inquiry in the instant case thus focuses on whether Officer Baumann reasonably relied on the statements of the John Doe informant, and the information that Officer Baumann disclosed, "or had a duty to discover and disclose, to the issuing magistrate." *Jacobs v. City of Chicago*, 215 F.3d 758, 768 (7th Cir. 2000); *Berger v. State of New York*, 388 U.S. 41, 55 (1967)(affidavit must be based on "reasonably trustworthy" information). See also *Jacobs*, 215 F.3d at 768 n.4 (citing *Illinois v. Gates*, 462 U.S. 213, 241-42 (1983) ("officers seeking a search warrant relying on a confidential informant are under an obligation to take reasonable steps to confirm that information before using it in an affidavit in support of the warrant.").

It is simply incorrect to infer to the jury in any manner that it is to apply any deference to the magistrate's issuance of a search warrant in this matter, or that the jury is to in any way presume the validity of Officer Baumann's affidavit for search warrant. To the contrary, the evidence will show that all of the statements in the affidavit for warrant that would have provided probable cause were false, and that Officer Baumann did virtually nothing to corroborate John Doe's statements, despite circumstances indicating that they were unreliable. Thus, the jury's verdict will be based on whether Officer Baumann reasonably relied on those statements, whether he failed to take reasonable steps to corroborate those statements, and whether a prudent officer would have reasonably believed that there was probable cause to believe a search would yield evidence of a crime.

In view of the foregoing, it would also be wholly irrelevant and confusing to the jury to interject testimony from the judge issuing the subject search warrant as to his reasons for the issuance of the warrant. As this Court stated in its opinion denying summary judgment, an appearance before a judge does not mean that an otherwise inadequate affidavit for warrant satisfies the probable cause requirement, and "demeanor has limited utility, even in the less hurried setting of a trial." 2010 WL 1541674 at *5. Defendants' memorandum obscures the applicable law with a great deal of extraneous matter, and does not appear to offer any argument that is applicable to the case at hand.

2

Respectfully submitted,

[s] Kurt H. Feuer
Attorney for Plaintiff

Kurt Feuer
Law Office of Kurt H. Feuer
312 N. May Street, Suite 100
Chicago, IL 60607
(312) 265-2208

## CERTIFICATE OF SERVICE

I, Kurt Feuer, an attorney, certify that on October 14, 2010 I sent by electronic filing a copy of the attached Response Memorandum to counsel of record.

[s] Kurt H. Feuer

3