IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DRAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-2917 |
| | ) | |
| CHAD BAUMAN, Star No. 15110, CITY | ) | |
| OF CHICAGO, and UNKNOWN | ) | Magistrate Judge Jeffrey Cole |
| CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 11 ON
EVIDENCE OR ARGUMENT OF ADDITIONAL CORROBORATION**

Pursuant to Federal Rules of Evidence 402 and 403, Defendants Chad Bauman ("Officer Bauman") and City of Chicago ("City") (collectively, "Defendants") respectfully request this Court to enter an order prohibiting Plaintiff from introducing certain evidence or from referring during argument to additional steps that Officer Bauman could have taken to corroborate John Doe's information or addition information that these additional steps may have provided. In support of their motion, Defendants state the following:

*Franks v. Delaware*, 438 U.S. 154 (1978), provides the standard to challenge a search warrant in a civil case. *Perlman v. City of Chicago*, 801 F.2d 262, 264 (7th Cir. 1986) (citations omitted). *Franks* found search warrant affidavits carry a presumption of validity, so plaintiffs who challenge presumptively valid affidavits in a civil case must overcome the standard that *Franks* provides. *Id.*

1

To overcome the *Franks* standard, plaintiffs must "provide evidence that the officers knowingly or intentionally or with a reckless disregard for the truth made false statements to the judicial officer and show that the false statements were necessary to the judicial officer's determination that probable cause existed." *Suarez v. Town of Ogden Dunes*, 581 F.3d 591, 596 (7th Cir. 2009) (internal marks and citations omitted). When information is obtained from a third-party or informant, a "*Franks* violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth." *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000).

Evidence therefore "must focus on the state of mind of the warrant affiant, that is the police officer who sought the search warrant." *Id.* at 607 (citing *Franks*, 438 U.S. at 171).[1] And failing to corroborate more information from an informant does not show reckless *disregard* of the truth. *Id.*; *see United States v. Swanson*, 210 F.3d 788, 791 (7th Cir. 2000) (reckless disregard is not shown by "saying that the investigators should have done more work. This . . . is not the high standard required for convening a *Franks* hearing.").

*Jones* rejected an argument that reckless disregard under *Franks* is shown by failing to corroborate more information. 208 F.3d at 607. The defendant argued an officer "was reckless in incorporating Jane Doe's allegations into his affidavit without first doing more to corroborate them." *Id.* For instance, the defendant opined that the officer "could have set up a controlled buy or conducted surveillance of his home to verify the veracity of Jane Doe's statements." *Id.* The Seventh Circuit rejected the argument because "[t]he fact that Jones can point out additional

---

[1] Defendants hasten to note that John Doe, himself, was an affiant to the Complaint for Search Warrant, as he had subscribed and swore to the Complaint for Search Warrant before Judge Ford. (Defs.' Ex. 2.)

things which could have been done but were not does not in any way detract from what was done." *Id.*

Because the state-of-mind inquiry under *Franks* is lying or recklessly disregarding the truth, evidence of failing to corroborate unknown information does not show "any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401; *accord Jones*, 208 F.3d at 607. The evidence may show negligence, but "a little negligence—actually even a lot of negligence—does not the need for a *Franks* hearing make." *Swanson*, 210 F.3d at 791. Consequently, evidence of failing to corroborate is inadmissible as not relevant, Fed. R. Evid. 402, and any probative value that it may have "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. *Accord United States v. Snook*, 366 F.3d 439, 443 (7th Cir. 2004) (proponent must show witness was aware of practice at the time in issue for relevance to his state of mind, otherwise "all we're dealing with is what I believe are various inferences upon inferences of speculation").

Plaintiff must meet the burden of demonstrating relevance as he is the proponent of this evidence. *United States v. Blackwell*, 459 F.3d 739, 755 (6th Cir. 2006) (citing Fed. R. Evid. 401, 402). Moreover, if relevancy of this evidence depends upon the fulfillment of a condition of fact (*e.g.*, a truth which was recklessly disregarded), Plaintiff must first introduce evidence sufficient to support a finding of the fulfillment of the condition. Fed. R. Evid. 104(b).

**WHEREFORE**, for the reasons stated above, Defendants Chad Bauman and City of Chicago respectfully request this Court to enter an order prohibiting Plaintiff from introducing

3

certain evidence or from referring during argument to additional steps that Officer Bauman could have taken to corroborate John Doe's information or addition information that these additional steps may have provided.

Dated: October 18, 2010

        Respectfully submitted,

        MARA S. GEORGES
        Corporation Counsel
        City of Chicago

        By:   /s/ Thomas J. Aumann
             THOMAS J. AUMANN
             Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois  60602
*t*  (312) 744-7630
*f*  (312) 744-6566
*e*  thomas.aumann@cityofchicago.org

## I. CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing Motion to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 18th day of October, 2010.

/s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel