IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DRAINE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 2917 |
| | ) | |
| v. | ) | |
| | ) | |
| CHAD BAUMAN, Star No. 15110, | ) | Magistrate Judge Cole |
| and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

## FINAL PRETRIAL ORDER

This matter having come before the Court at a pretrial conference held pursuant to Fed. R.Civ.P. ("Rule") 16, and Kurt H. Feuer, 312 N. May Street, Suite 100, Chicago, IL 60607, having appeared as counsel for the Plaintiff and Thomas J. Aumann and Alec M. McAusland, 30 N. LaSalle Street, Suite 900, Chicago, IL 60602, having appeared as counsel for the Defendants, the following actions were taken:

**1.** This action is brought pursuant to 42 U.S.C. § 1983 and the jurisdiction of the court is invoked under 28 U.S.C. §1331 and 28 U.S.C. §1367. Jurisdiction is not disputed.

**2.** The following stipulations and statements were submitted and are attached to and made a part of this Order:

**(a)     WITNESSES**

**Plaintiff's Witness List**

**(A) Will call**

Edward Draine

Brittany Magee

**Defendants' Objection**: Calling both Ms. Magee and Ms. Randolph would be cumulative under Fed. R. Evid. 403. Neither Ms. or Ms. Randolph is a plaintiff who would testify as to their own damages. Both witnesses have the same knowledge as to the conditions of

the house and Plaintiff's front door after service of the warrant.

**Plaintiff's Response**

Ms. Magee and Ms. Randolph's testimony is not merely cumulative of Plaintiff's as they are both occurrence witnesses with their own separate actions and observations, and Ms. Magee arrived at the house before Plaintiff and was the first to survey the damage.  Each witness also has recall of missing items that are not cumulative of Plaintiff's recollection.  To the extent there is overlap with Plaintiff, their testimony is corroborative, not merely cumulative, and is admissible on that basis.

Sherida Randolph

**Defendants' Objection**: Calling both Ms. Magee and Ms. Randolph would be cumulative under Fed. R. Evid. 403.  Both witnesses have the same knowledge as to the conditions of the house and Plaintiff's front door after service of the warrant.

**Plaintiff's Response**

See above.

Chad Bauman

**(B) May call**

Zusanna Matysiak

Sgt. John Lucid

Karl Ringel

Andy Kicta

Bob Nealon

**© Stipulations**

Plaintiff will also offer the following stipulations of witness testimony and exhibits:

Sgt. John Lucid, if called to testify, would testify that he signed and submitted a notification of claim for repairs to Plaintiff's home after the execution of the search warrant, and that Plaintiff's Exhibit 3 is a true and accurate copy of said claim form bearing his signature.

2

Karl Ringel, if called to testify in this matter, would testify that he is the President of Brandon Builders, Inc., and that the City of Chicago contracted with Brandon Builders through him to repair damage to Plaintiff's home at 4201 W. Wilcox in Chicago. Karl Ringel would further testify that Plaintiff's Exhibit 4 is a true and correct copy of a business record of Brandon Builders kept in the ordinary course of business and reflect the repairs done, and the costs of said repairs, to Plaintiff's home following the execution of the subject search warrant.

Andy Kieta, if called to testify in this matter, would testify that he is employed by Brandon Builders and that on April 1, 2009 he repaired the damage to Plaintiff's home. Andy Kieta would further testify that he repaired the door jamb and replaced the door lockset and the deadbolt for the front door to Plaintiff's home.

Bob Nealon, if called to testify in this matter, would testify that he is a claims investigator and made a report of the damages to Plaintiff's home which he submitted to the City of Chicago for repairs. Bob Nealon would further testify that Plaintiff's Group Exhibit 2 are photographs of Plaintiff's home and the front door and door jamb of Plaintiff's home he took on or about the date of his report and truly and accurately depict the damage to Plaintiff's home.

The parties stipulate that Plaintiff's Group Exhibit 10 are true and accurate copies of the Event Queries, and Plaintiff's Group Exhibit 11 are true and accurate copies of the Tape Research Log, concerning Plaintiff's home on March 26 and 27, 2009, and that said records are kept in the ordinary course of business of the City of Chicago.

The parties further stipulate that Plaintiff's Group Exhibit 12 are true and accurate audio recordings of 911 calls and radio communications concerning Plaintiff's home on March 26 and 27, 2009, and that said records are kept in the ordinary course of business.

**Defendants' Witness List[1]**

**(A) Will call**

Officer Chad Bauman

Sgt. John Lucid

Judge Nick Ford

**Plaintiff's Objection**

Plaintiff objects to Judge Ford being called as a witness as he has no testimony relevant to the issues and his testimony beyond the fact that he issued the search warrant would

---

[1]     Defendants reserve the right to call any individuals listed on Plaintiff's Witness List.

necessarily involve only hearsay. The only issues with respect to Count I concern Defendant Bauman's actions and knowledge, and Defendant Bauman testified that he did not hear any of the conversation between the unknown informant and Judge Ford. The only relevant, admissible testimony of Judge Ford would be that he issued the search warrant, a matter that is not contested. Judge Ford has no knowledge or testimony concerning Count II.

**(B) May call**

Officer Joshua Purkiss

Dragana Djordjevic Bender

Officer Zuzanna Matysiak

Det. Michael Sobon

Don Morris

Bob Nealon

Karl Ringel

**(C)     EXHIBITS**

**The following exhibits were offered by PLAINTIFF, received in evidence and marked as indicated:**

| Plaintiffs' Exhibits | Defendants' Objections |
| --- | --- |
| 1.     Set of 16 Photographs taken by Plaintiff and Sherida Randolph | No objection. |
| 2.     Set of 3 Photographs taken by Bob Nealon (FCRL 25, 28, 31) | No objection. |
| 3.     City Claims Notification, 3-28-09 | Hearsay objection pursuant to Fed. R. Evid. 801. Foundation objection as to any handwriting other than that done by Sgt. John Lucid. No objection if solely used for purposes of impeachment and/or refreshing recollection. |
| 4.     Brandon Builders, Inc. Invoice, 4-1-09 | Relevance objection pursuant to Fed. R. Evid. |

| | |
|---|---|
| | 401 as it is undisputed that Brandon Builders repaired Plaintiff's front door and that Plaintiff is not making a claim for repair of the door as part of his damages in this case. No objection if solely used for purposes of impeachment and/or refreshing recollection. |
| 5. Original Case Incident Report, 3-27-09 | Not properly identified by Bates stamp number or deposition exhibit number. Hearsay objection pursuant to Fed. R. Evid. 801. No objection if solely used for purposes of impeachment and/or refreshing recollection. |
| 6. Plaintiff's Supplemental List of Stolen Property | Hearsay objection pursuant to Fed. R. Evid. 801. No objection if solely used for purposes of refreshing recollection. |
| 7. Complaint for Search Warrant | No objection. |
| 8. Search Warrant Data | No objection. |
| 9. Original Case Incident Report, 3-26-09 | Hearsay objection pursuant to Fed. R. Evid. 801. No objection if solely used for purposes of impeachment and/or refreshing recollection. |
| 10. Event Queries, 3-26 and 3-27-09 | Foundation objection. No objection if solely used for purposes of refreshing recollection. |
| 11. Tape Research Log , 3-26-09 | Hearsay objection pursuant to Fed. R. Evid. 801. Relevance objection pursuant to Fed. R. Evid. 401. Foundation objection. No objection if solely used for purposes of refreshing recollection. |
| 12. Audiotape of 911 Calls and police radio calls, 3-26 and 3-27-09 | Hearsay objection pursuant to Fed. R. Evid. 801 as to any phone calls made by Plaintiff and Sharida Randolph. No objection if solely used for purposes of refreshing recollection as to the portions of the tape that are phone calls made by Plaintiff and Sharida Randolph. |
| 13. Defendant Chad Bauman's Answer to Plaintiff's First Set of Interrogatories | No objection.<br><br>Not properly identified by Bates stamp number. Hearsay objection pursuant to Fed. R. Evid. 801. |

| 14. Complaint Register History for Chad Bauman | Relevance objection pursuant to Fed. R. Evid. 401. Foundation objection. See Defendants' motion in limine no. 5. |
| --- | --- |

**Plaintiff may present word charts to the jury, in argument, that serve to itemize or highlight points being made in argument. Plaintiff reserves the right to enter into evidence any of the exhibits listed by Defendants of those for which Plaintiff's objections are overruled or waived.**

**The following exhibits were offered by DEFENDANTS, received in evidence and marked as indicated:**

| Defendant's Exhibits | Plaintiff's Objections |
| --- | --- |
| 1. Search Warrant (FCRL 000001) | |
| 2. Complaint for Search Warrant (FCRL 000002-000003) | |
| 3. CPD Search Warrant Data (FCRL 000004-000006, for purpose of refreshing recollection only) | |
| 4. Original Case Incident Report - Burglary (FCRL 000007-000009, for purpose of refreshing recollection only) | |
| 5. Case Supplementary Report (FCRL 000015-000017, for purpose of refreshing recollection only) | |

| | |
|---|---|
| **6.** Color photographs taken by City Claims unit (FCRL 000024, 000025, 000027, 000030)<br><br>**7.** Color photographs taken by Brandon Builders (FCRL 000034, 000036, | |
| **8.** Plaintiff's List of Stolen Property (000019-000020, for purposes of impeachment and refreshing recollection only) | |
| **9.** Victim Information Notice (000035-000036) | |
| **10.** Claims Evaluation Report (000057) | |
| **11.** Plaintiff's Answer to First Set of Interrogatories | |
| **12.** Case Supplementary Report - Burglary (FCRL 000018-000020) | |

**Plaintiff does not object to any of Defendants' proposed exhibits.**

  **(d)**    **Motions in Limine**

  Plaintiff's motions *in limine* are attached hereto and are summarized as follows:

  1) Barring any reference to Plaintiff's prior arrests;

  2) Barring any reference to Sherida Randolph's prior arrests and conviction;

  3) Barring any reference to certain irrelevant subjects;

  4) Barring any argument appealing to the jury as taxpayers; and

  5) Excluding non-party witnesses when not testifying.

  Defendants' motions *in limine* are attached hereto and are summarized as follows:

  1) Barring any mention of indemnity and that defense lawyers work for the City of Chicago.

7

2) Barring any evidence regarding a "code of silence."

3) Barring reference to any other events concerning allegations of police misconduct.

4) Barring any reference to "sending the City a message."

5) Barring any evidence or testimony regarding Complaint Register ("CR") files, CR histories, and other lawsuits.

6) Barring any reference to Plaintiff and his witnesses attending a church related concert and to Plaintiff being employed by New Life Covenant church.

7) Barring any evidence or testimony that clothes belonging to non-party Brittany Magee were missing following the execution of the search warrant.

8) Barring any claim for damages for repair to Plaintiff's front door.

9) Barring any evidence, testimony, or argument that Officer Bauman or any other police officer failed to take before and after pictures of Plaintiff's front door and/or the inside of Plaintiff's house.

10) Barring any claim of emotional and mental pain and suffering.

**(e)** **Proposed voir dire questions**

Apart from the Court's written questionnaire, the parties request that the following questions be asked:

### Plaintiffs' Proposed Voir Dire Questions

1.      Where do you presently reside?

2.      Are you employed? (retired?) If not, have you ever been employed? Where? When?

3.      Describe the extent of your education.

4.      Are you personally acquainted with any of the parties or counsel for the parties? Individuals on witness list? If yes, describe the relationship.

5.　　Have you or any member of your family ever been employed by the City of Chicago, the Chicago Police Department or any other police department, sheriff's department or law enforcement agency?

6.　　Would you be more inclined to believe or disbelieve a law enforcement officer over somebody who was not one?

7.　　Have you ever had any experience, either positive or negative, with a police officer?

8.　　Have you served on a jury before?  If so, were you the foreperson? How did you find your experience as a juror?

### **Defendants' Proposed Voir Dire Questions**

1.　　Have you, a close friend, or a relative, ever been the victim of a crime of any kind?

2.　　Do you have any feelings, either favorable or unfavorable toward police officers?

3.　　Have you, a close friend, or relative ever been arrested by any law enforcement agency?  If so, which agency?

4.　　Have you, a close friend, or relative, ever had any unpleasant interaction with any law enforcement officers?  If so, please describe that negative interaction.

**(f)　　Jury Instructions and Verdict Forms**

## AGREED Proposed Jury Instructions

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Agreed Proposed Jury Instruction No. 1**

| | |
|---|---|
| _____X_____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

_Source: Seventh Circuit Pattern Jury Instruction 1.01_

**Defendants' Objections**:  No objection.

## NO INFERENCE FROM JUDGE'S QUESTIONS[2]

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Agreed Proposed Jury Instruction No. 2**

| | |
|---|---|
| _____X_____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.02*

**Defendants' Objections**:  No objection.

---

[2]   This instruction may not be necessary; use as needed.

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.

If I have taken judicial notice of certain facts, you must accept those facts as proved.[3]

**Agreed Proposed Jury Instruction No. 3**

|   X   | Given |
|----------|---------|
|          | Rejected |
|          | Withdrawn |
|          | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.04*

**<u>Defendants' Objections</u>**:  No objection.

---

[3] This instruction may not be necessary; use as needed.

## DEPOSITION TESTIMONY[4]

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

**Agreed Proposed Jury Instruction No. 4**

| | |
|---|---|
|    X    | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.05*

**Defendants' Objections**:  Defendants have no objection to this instruction being issued provided that, at some point in the trial, deposition testimony is read into evidence in lieu of live testimony.

---

[4]     This instruction may not be necessary.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Agreed Proposed Jury Instruction No. 5**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.06*

**Defendants' Objections**:  No objection.

14

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.[5]

**Agreed Proposed Jury Instruction No. 6**

|             |            |
|-------------|------------|
| ___X___     | Given      |
| _____    | Rejected   |
| _____    | Withdrawn  |
| _____    | Objected to|

*Source: Seventh Circuit Pattern Jury Instruction 1.07*

**Defendants' Objections**:  No objection.

---

[5]     This instruction may not be necessary; use as needed.

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Agreed Proposed Jury Instruction No. 7**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.08*

**Defendant's Objections**: No objection.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Agreed Proposed Jury Instruction No. 8**

| | |
|---|---|
| _____X_____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

_Source: Seventh Circuit Pattern Jury Instruction 1.11_

**Defendants' Objections**: No objection.

## DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Agreed Proposed Jury Instruction No. 9**

| | |
|---|---|
|    X    | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.12*

<u>**Defendants' Objections**</u>:  No objection.

## TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Agreed Proposed Jury Instruction No. 10**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.13*

**Defendants' Objections**:  No objection.

19

## PRIOR INCONSISTENT STATEMENTS

You may consider the statements given by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Agreed Proposed Jury Instruction No. 11**

| | |
|---|---|
| __X__ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.14*

**Defendants' Objections**:  No objection.

20

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.[6]

**Agreed Proposed Jury Instruction No. 12**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.16*

**Defendants' Objections**:  No objection.

---

[6]  This instruction may not be necessary; use as needed.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Agreed Proposed Jury Instruction No. 13**

    X         Given
_____         Rejected
_____         Withdrawn
_____         Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.17*

**Defendants' Objections**:  No objection.

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Agreed Proposed Jury Instruction No. 14**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.18*

**Defendants' Objections**: No objection.

23

## LIMITED PURPOSE OF EVIDENCE[7]

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Parties' Agreed Jury Instruction No. 15**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.09*

**Plaintiff does not object to said instruction.**

---

[7] This instruction may not be necessary.

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Agreed Proposed Jury Instruction No. 16**

|  |  |
|---|---|
| _____X_____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.24*

**Defendants' Objections**: No objection, although Defendants request that the type of demonstrative exhibit that was used be mentioned when the instruction is read at trial. Otherwise, the jury may be confused as to the phrase "demonstrative exhibits" without reference to a specific type of exhibit that was shown to it.

25

## FOURTH AMENDMENT: WRONGFUL SEARCH- ELEMENTS

Plaintiff Edward Draine brings a claim in Count I of his complaint that Defendant Chad Bauman wrongfully obtained a warrant to search his home.  To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      The Defendant obtained a warrant to search Plaintiff's home; and

2.      The Defendant did not have probable cause to obtain a warrant to search Plaintiff's home.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the Plaintiff, and go on to consider the question of damages on this claim.

If, on the other hand, you find that the Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for the Defendant, and you will not consider the question of damages on this claim.

**Agreed Proposed Jury Instruction No.  17**
____X____      Given (as modified at the pretrial conference)
_____      Rejected
_____      Withdrawn
_____      Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.05(modified to fit the facts)*

**Defendants' Objections**:  No objection.

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Agreed Proposed Jury Instruction No. 18**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.27.*

**Defendants' Objections**:  No objection.

27

## WILLFUL AND WANTON CONDUCT--DEFINITION

When I use the expression "willful and wanton conduct" I mean a course of action which shows an utter indifference to or conscious disregard for a person's own safety and the safety of others.

**Agreed Proposed Jury Instruction No. 19**

GIVEN: _____X_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

*Source*: I.P.I. 14.01 (modified to fit the allegations)

**Defendants' Objections:** No objection.

28

**PROXIMATE CAUSE--DEFINITION**

When I use the expression "proximate cause," I mean a cause which, in the natural and ordinary course of events, produced the plaintiff's injury.

**Agreed Proposed Jury Instruction No. 20**

GIVEN: _____X_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

*Source;* I.P.I. 15.01

**Defendants' Objections**:  No objection.

29

**Duty to Refrain From Willful and Wanton Conduct—Defendant**

It was the duty of the defendant, before and at the time of the occurrence, to refrain from willful and wanton conduct which would endanger the safety of Plaintiff's property.

**Agreed Proposed Jury Instruction No. 21**

    X          Given (as modified at the pretrial conference)
_____        Rejected
_____        Withdrawn
_____        Objected to

*Source:* I.P.I 14.04

**Disputed Jury  Instructions:**

**PLAINTIFFS' Proposed Instructions**

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case Defendant City of Chicago is a municipality, Defendant Chad Bauman is a police officer, and Plaintiff Edward Draine is a private citizen. All parties are equal before the law.  Defendants and Plaintiff are entitled to the same fair consideration.

**Plaintiffs' Proposed Jury Instruction No. 1**

| | |
|---|---|
| _____ | Given |
| \_\_\_\_X\_\_\_\_ | Rejected |
| _____ | Withdrawn |
| \_\_\_\_X\_\_\_\_ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.03 (modified pursuant to the pattern's instruction)*

**Defendants' Objections**:  The City has been named as a defendant in this matter solely on the bases of respondeat superior and indemnification.  As such, there are no separate and distinct claims against the City that should provide for the City to be a defendant in this case and to be mentioned in this instruction.  It is undisputed that the City will indemnify Officer Bauman for any compensatory damages that are awarded against him at trial.  See Defendants' proposed instruction No. 7.

## CLAIMS

The Plaintiff brings the following claims in this case:

First, Plaintiff Edward Draine claims that Defendant Chad Bauman obtained a search warrant for Plaintiff's home in reckless disregard for the falsity of the statements used to obtain the warrant in violation of the Fourth Amendment to the United States Constitution.

Second, Plaintiff Edward Draine claims that Defendant Chad Bauman left the front door of Plaintiff's home unsecured, acting with utter indifference or conscious disregard of the known risks to Plaintiff's home in violation of Illinois law.

Third, Plaintiff Edward Draine claims that Defendant City of Chicago is liable for the wrongful actions of Defendant Chad Baumann under Illinois State Law.

**Plaintiffs' Proposed Jury Instruction No. 2**

| | |
|---|---|
| _____ | Given |
| ___X___ | Rejected |
| _____ | Withdrawn |
| ___X___ | Objected to |

**Defendants' Objections**:  The City has been named as a defendant in this matter solely on the bases of respondeat superior and indemnification.  As such, there are no separate and distinct claims against the City that should provide for the City to be a defendant in this case and thus no claims should be listed against the City in this instruction.  It is undisputed that the City will indemnify Officer Bauman for any compensatory damages that are awarded against him at trial. Furthermore, Plaintiff does not include a sentence stating that Defendant denies these claims, thus improperly suggesting to the jury that Defendant Bauman is not contesting the claims against him.  See Defendants' proposed instruction No. 8.

## LIMITED PURPOSE OF EVIDENCE[8]

If I have instructed you that I admitted certain evidence for a limited purpose, then you must consider this evidence only for the limited purpose for which it was admitted.

**Plaintiff's Proposed Jury Instruction No. 3**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| ___X___ | Withdrawn |
| ___X___ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.09 (modified)*

**Defendants' Objections**:  Plaintiff's proposed instruction does not precisely track the language of Seventh Circuit Pattern Jury Instruction 1.09.  Please see Defendants' proposed instruction No. 1 for a more precise statement of Seventh Circuit Pattern Jury Instruction 1.09, which Defendants propose in the event there is evidence admitted for a limited purpose during trial.

---

[8]  This instruction may not be necessary.

## MULTIPLE CLAIMS;
## MULTIPLE PLAINTIFFS/DEFENDANTS

You must give separate consideration to each claim and each party in this case.


**Plaintiff's Proposed Jury Instruction No. 4**

| | |
|---|---|
| ____X____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| ____X____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.25*

**Defendants' Objections**:  The City has been named as a defendant in this matter solely on the bases of respondeat superior and indemnification.  As such, there are no separate and distinct claims against the City that should provide for the City to be a defendant in this case and for this instruction to be given.  It is undisputed that the City will indemnify Officer Bauman for any compensatory damages that are awarded against him at trial, as the City has already admitted that Officer Bauman was acting within the scope of his employment at all relevant times.

## DEFINITION OF "PROBABLE CAUSE"

Let me explain what "probable cause" means. There is probable cause for a search warrant if at the moment the warrant is requested, a prudent person would have believed that a crime had been or was being committed at a certain location. In making this decision, you should consider what the officer knew and what reasonably trustworthy information the officer had received.

Probable cause requires more than just a suspicion. An officer seeking a search warrant relying on an informant is under an obligation to take reasonable steps to confirm that information before using it in an affidavit in support of the warrant.

**Plaintiffs' Proposed Jury Instruction No. 5**

| | |
|---|---|
| _____ | Given |
| \_\_\_\_X\_\_\_\_ | Rejected |
| _____ | Withdrawn |
| \_\_\_\_X\_\_\_\_ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction* 7.06 (modified)
   Authority for modification: Jacobs v. City of Chicago, 215 F.3d 758,768 n.4 (7th Cir. 2000)

**Defendants' Objections**:  Plaintiff's citation to Seventh Circuit Pattern Jury Instruction 7.06 is improper as that instruction's definition of probable cause is to be used for false arrest claims. Furthermore, the Jacobs case does not provide for a definition of probable cause. See Defendants' proposed instruction No. 11.

## CLOSING INSTRUCTIONS

### <u>Verdict- Unanimous - Duty to Deliberate</u>

The verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts, whether for or against the parties, must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence and individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### <u>Selection of a Foreperson</u>

Upon retiring to the jury room, you will first select one of you to act as a foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

You are free to deliberate in any way you decide or select whomever you like as a foreperson. However, I am going to provide some general suggestions on the process to help you get started. When thinking about who should be foreperson, you may want to consider the role that the foreperson usually plays. The foreperson serving as the chairperson during the deliberations should ensure a complete discussion by all jurors who desire to speak before any vote. Each juror should have an opportunity to be heard on every issue and should be encouraged to participate. The foreperson should help facilitate the discussion and make sure everyone has a chance to say what they want to say.

### <u>Verdict Forms - Jury's Responsibility</u>

Forms of verdicts are supplied with these instructions. After you have reached your verdict, fill in and sign the appropriate form and return it to the Court. Your verdict must be signed by each of you.

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict the Court thinks you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

### <u>Conducting the Deliberations</u>

In order to help you determine the facts, you may use my instructions to the jury as a guide to determine whether there is sufficient evidence to prove all the necessary legal elements

36

for the claim. I also suggest that any public votes on a verdict be delayed until everyone can have a chance to say what they think without worrying what others on the panel might think of their opinion. I encourage you at all times to keep an open mind if you ever disagree or come to different conclusions on facts from any of your fellow jurors. Thinking about the other jurors' points of view may help you understand their positions better or give you a better way to explain why you think your position is correct.

### Communication Between Court and Jury During Deliberations

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the Court security officer, signed by your foreperson or by one or more of the members of the jury, but you should understand that you, as the jury, must decide the facts. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case.

You should make a determined effort to answer any question by referring to the jury instructions before you submit a question to me. If you do submit a question, I must show it to the lawyers for each side and consult with them before responding. I will either answer your question, or explain why I cannot answer your question.

Bear in mind that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.


**Plaintiff's Proposed Jury Instruction No. 6**

| | |
|---|---|
| _____ | Given |
| \_\_\_\_X\_\_\_\_ | Rejected |
| _____ | Withdrawn |
| \_\_\_\_X\_\_\_\_ | Objected to |

*Source: Seventh Circuit Bar Association American Jury Project (from Judge Denlow's website)*

**Defendants' Objections**:  Plaintiff's proposed closing instructions do not track the language provided for in Seventh Circuit Pattern Jury Instructions 1.32, 1.33, and 1.34.  Defendants propose that those instructions be used as written when read at trial, per this Court's standing order.  See Defendants' proposed instructions No. 2, 3, and 4.

## DAMAGES: PREFATORY INSTRUCTION

If you find that Plaintiff has proved either of his claims against the Defendant, then you must determine what amount of damages, if any, the Plaintiff is entitled to recover on that claim.

If you find that Plaintiff has failed to prove either or both of his claims, then you will not consider the question of damages as to that claim or claims.

You must give separate consideration to each of Plaintiff's claims.

**Plaintiff's Proposed Jury Instruction No. 7**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 7.22*

**The parties agree to said instruction as modified at the pretrial conference.**

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the unreasonable search and/or the willful and wanton conduct committed by Defendant Chad Bauman.  These are called compensatory damages.  A Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of property or money; they include both the mental and emotional aspects of injury, if any, even if they are not easy to measure.

No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injuries he has sustained.

If you find in favor of Plaintiff on Count I but find that Plaintiff has failed to prove compensatory damages, you must return a verdict in favor of Plaintiff in the amount of one dollar ($1.00), or what is called nominal damages.  The concept of nominal damages does not apply to Count II.

**Plaintiff's Proposed Jury Instruction No. 8**

|   X   | Given (as modified at the pretrial conference) |
|-------|------------------------------------------------|
|       | Rejected |
|       | Withdrawn |

___X___      Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.23 (modified to fit the facts of the case)*

**Defendants' Objections**:  All language pertaining to the "mental and emotional aspects of injury" should be omitted as Plaintiff is not making a claim for emotional damages per his deposition testimony.  See Defendant's proposed instruction No. 6.

**Issues Made by the Pleadings—Negligence and Willful and Wanton Counts**

The issues to be decided by you under Count II of the complaint are as follows:

The plaintiff claims that he sustained damage and that the defendant was willful and wanton in that he failed to adequately secure the front door of Plaintiff's home after executing the search warrant.

The plaintiff further claims that this was a proximate cause of his damages.

The defendant denies that he failed to adequately secure the front door of Plaintiff's home and denies that he was willful and wanton.

**Plaintiffs' Proposed Jury Instruction No. 9**

| | |
|---|---|
| _____ | Given |
| \_\_\_X\_\_\_ | Rejected |
| _____ | Withdrawn |
| \_\_\_X\_\_\_ | Objected to |

*Source:* I.P.I 20.01.01 (modified to fit the facts of the case)

**Defendants' Objection**: The language "under Count II of the complaint" should be removed because Plaintiff has only included one claim of willful and wanton conduct and no claim of negligence. Additionally, Plaintiff has failed to set forth all elements of a claim of willful and wanton conduct in his proposed instruction. See Defendants' proposed instruction No. 12.

**Burden of Proof on the Issues—One Plaintiff and One Defendant—Negligence and Willful and Wanton Counts**

The plaintiff has the burden of proving each of the following propositions in Count II by a preponderance of the evidence:

First, that the defendant was willful and wanton in the manner in which he left the front door following the execution of the search warrant;

Second, that the plaintiff's property was stolen;

Third, that the willful and wanton conduct of the defendant was a proximate cause of the theft of the plaintiff's property.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the Plaintiff, and go on to consider the question of damages on this claim.

If, on the other hand, you find that the Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for the Defendant, and you will not consider the question of damages on this claim.

**Plaintiffs' Proposed Jury Instruction No. 10**

| | |
|---|---|
| ___X___ | Given (as modified at the pretrial conferenc) |
| _____ | Rejected |
| _____ | Withdrawn |
| ___X___ | Objected to |

*Source:* I.P.I B21.02.02 (modified to fit the facts of the case)

**Defendants' Objection**: The language "under Count II of the complaint" should be removed because Plaintiff has only included one claim of willful and wanton conduct and no claim of negligence.  Additionally, Plaintiff has failed to set forth all elements of a claim of willful and wanton conduct in his proposed instruction.  See Defendants' proposed instruction No. 12.

42

## DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant Chad Bauman. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of one of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring a Plaintiff. Conduct is in reckless disregard of a Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:
- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.


**Plaintiffs' Proposed Jury Instruction No. 11**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| \_\_\_X\_\_\_ | Withdrawn |
| \_\_\_X\_\_\_ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 7.24*

**Defendants' Objections**:  Defendants plan to introduce evidence of Officer Bauman's financial condition and, as such, the defendant's financial condition factor should be added to the instruction.  See Defendants' proposed instruction No. 13.

43

## **VERDICT FORM**

We, the jury, find as to each of the claims of Plaintiff, Edward Draine, against Defendant

Chad Bauman, in this case as follows:

**Plaintiff Edward Draine's Claim of Unreasonable Search**:

> **check one and only one of the two choices, i.e., for Plaintiff OR for Defendant**

FOR PLAINTIFF          FOR DEFENDANT

_____          _____

**Plaintiff Edward Draine's Claim of Willful and Wanton Conduct:**

> **check one and only one of the two choices, i.e., for Plaintiff OR for Defendant**

FOR PLAINTIFF          FOR DEFENDANT

_____          _____

**Compensatory Damages**

**We award the following damages to Plaintiff Edward Draine:**
(To be filled in only in the event you find for Plaintiff on one or more of his claims):

$ _____

**Punitive Damages**

**We award the following punitive damages to Plaintiff Edward Draine:**
(to be awarded only if some compensatory damages are awarded to Plaintiff):

$_____
_____

44

Please sign and date below and return the entire Verdict Form to the marshal (Each juror must sign the form).

Date: _____

_____          _____
Foreperson                                                      Juror

_____          _____
Juror                                                                 Juror

_____          _____
Juror                                                                 Juror

_____          _____
Juror                                                                 Juror

_____          _____
Juror                                                                 Juror

**Plaintiffs' Proposed Verdict Form**

| _____ | Given |
|:---|:---|
| _____ | Rejected |
| ___X___ | Withdrawn |
| _____ | Objected to |

**Defendants' Objections**:  Defendants object to the parenthetical instruction for Punitive Damages as it the instruction improperly suggests to the jury that they should award punitive damages if they have awarded compensatory damages.  See Defendants' proposed Verdict Form.

**BOTH PRINCIPAL AND AGENT SUED-NO ISSUE AS TO AGENCY**

The defendants are sued as principal and agent. The defendant City of Chicago is the principal and the defendant Chad Bauman is its agent. If you find that the defendant Chad Bauman is liable, then you must find that the City of Chicago is also liable. However, if you find that Chad Bauman is not liable, then you must find that the City of Chicago is not liable.

**Plaintiff's Proposed Jury Instruction No. 12**

GIVEN: _____

REFUSED: _____X_____

WITHDRAWN: _____

OBJECTION: _____

*Source;* I.P.I. 50.01

**Defendants' Objections:** The City has been named as a defendant in this matter solely on the bases of respondeat superior and indemnification. As such, there are no separate and distinct claims against the City that should provide for the City to be a defendant in this case and for this instruction to be given. It is undisputed that the City will indemnify Officer Bauman for any compensatory damages that are awarded against him at trial, as the City has already admitted that Officer Bauman was acting within the scope of his employment at all relevant times.

46

# VERDICT FORM

We, the jury, find as to the claim of Plaintiff, Edward Draine, against Defendant City of Chicago, in this case as follows:

<u>FOR PLAINTIFF</u>       <u>FOR DEFENDANT</u>

_____              _____

_____            _____
Foreperson                                    Juror

_____            _____
Juror                                          Juror

_____            _____
Juror                                          Juror

_____            _____
Juror                                          Juror

_____            _____
Juror                                          Juror

**Plaintiffs' Proposed Verdict Form II**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| X | Withdrawn |
| _____ | Objected to |

**Defendants' Objections:** The City has been named as a defendant in this matter solely on the bases of respondeat superior and indemnification. As such, there are no separate and distinct claims against the City that should provide for the City to be a defendant in this case and for this instruction to be given. It is undisputed that the City will indemnify Officer Bauman for any compensatory damages that are awarded against him at trial, as the City has already admitted that Officer Bauman was acting within the scope of his employment at all relevant times.

47

## AFFIDAVIT FOR WARRANT

An officer seeking a search warrant relying on information provided by an informant is under an obligation to take reasonable steps to confirm that information before using it in an application in support of a search warrant.

**Plaintiff's Proposed Jury Instruction No. 13**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

*Source: Illinois v. Gates, 462 U.S. 213, 241-42 (1983); Jacobs v. City of Chicago, 215 F.3d 758, 768 n. 4 (7th Cir. 2000).*

**Defendants' Objections:** Plaintiff's citation to Seventh Circuit Pattern Jury Instruction 7.06 is improper as that instruction's definition of probable cause is to be used for false arrest claims. Furthermore, *Jacobs* held where a warrant is open to more than one interpretation, it is ambiguous and invalid on its face. Therefore, an affiant has a duty to disclose the ambiguity, or it cannot be legally executed by a person who knows the warrant to be ambiguous. *Guzman v. City of Chicago*, 565 F.3d 393 (7th Cir. 2009) (explaining *Jacobs*). In this case, the warrant was not ambiguous, and the holding of *Jacobs* does not apply as plaintiff contends. Rather, *Unites States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000), controls such that probable cause should be measured by what was done, not by what could also have been done.

## PROBABLE CAUSE

Probable cause to obtain a search warrant exists where there is sufficient evidence for a reasonably prudent person to believe that a search will uncover evidence of a crime.

**Plaintiff's Proposed Jury Instruction No. 14**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

*Source: United States v. Sims, 551 F.3d 640, 644 (7th Cir. 2008); Draine v. Baumann, 2010 WL 1541674 *4 (April 16, 2010, N.D. Ill.).*

**Defendants' Objections:** Defendants do not object to Plaintiff's proposed jury instruction no. 14 being used as part of a probable cause instruction. However, Plaintiff's proposed instruction fails to set forth the full parameters of the definition of probable cause as explained in Suarez v. Town of Ogden Dunes, Ind. See Defendants' proposed jury instruction no. 16.

**Disputed Jury  Instructions:**
**DEFENDANTS' Proposed Instructions[9]**

**SELECTION OF PRESIDING JUROR;**
**GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Defendants' Proposed Jury Instruction No. 2**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.32*

**Plaintiff does not object to said instruction.**

---

[9] Defendants' Proposed Jury Intstruction No. 1 is now Agreed Proposed Instruction 15.

**COMMUNICATION WITH COURT**


I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.


**Defendants' Proposed Jury Instruction No. 3**

| | |
|---|---|
| \_\_\_\_X\_\_\_\_ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.33*

**Plaintiff does not object to said instruction.**

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purposes of returning a unanimous verdict.

All of you should give fair and equal consideration and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Defendants' Proposed Jury Instruction No. 4**

| | |
|---|---|
| ___X___ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.34*

**Plaintiff does not object to said instruction.**

## DAMAGES: PREFATORY INSTRUCTION

If you find that Plaintiff has proved any of his claims against Defendant, then you must determine what amount of damages, if any, the Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

**Defendants' Proposed Jury Instruction No. 5**

_____    Given
_____    Rejected
___X___    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.22*

**DAMAGES: COMPENSATORY**

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the unreasonable search and/or the willful and wanton conduct committed by Defendant.  These are called compensatory damages.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork.

You should consider the following types of compensatory damages and no others:

The value of property that Plaintiff has lost.

If you find in favor of Plaintiff but find that Plaintiff has failed to prove compensatory damages, you must return a verdict in favor of Plaintiff in the amount of one dollar ($1.00).

**Defendants' Proposed Jury Instruction No. 6**

| | |
|---|---|
| _____ | Given |
| \_\_\_\_X\_\_\_\_ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 7.23 (modified)*

**Plaintiff objects to said instruction because it does not identify all of Plaintiff's damages.**

## ALL LITIGANTS EQUAL BEFORE THE LAW

All parties are equal before the law. Defendant and Plaintiff are entitled to the same fair consideration.

**Defendants' Proposed Jury Instruction No. 7**

| | |
|---|---|
| ____X____ | Given (as modified at the pretrial conference) |
| _____ | Rejected |
| _____ | Withdrawn |
| ____X____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 1.03 (modified)*

**Plaintiff objects to said instruction because it does not identify all defendants.**

55

## CLAIMS

Plaintiff Edward Draine brings the following claims in this case:

First, Plaintiff claims in Count I of the Complaint that Defendant Chad Bauman obtained a search warrant for Plaintiff's home in reckless disregard for the falsity of the statements used to obtain the warrant in violation of the Fourth Amendment to the United States Constitution.

Second, Plaintiff claims in Count II of the Complaint that Defendant Chad Bauman left the front door of Plaintiff's home unsecured, acting with utter indifference or conscious disregard of the known risks to Plaintiff's home in violation of Illinois law.

Defendant Chad Bauman denies these claims.

**Defendants' Proposed Jury Instruction No. 8**

| | |
|---|---|
| __X__ | Given (as modified at the pretrial conference) |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**Plaintiff objects to said instruction because it does not identify all his claims.**

## DEFINITION OF "PROBABLE CAUSE"

Let me explain what probable cause for a search warrant is. There is probable cause for a search warrant where a judge makes a practical, common-sense decision that, given all the circumstances set forth in the affidavit before him, and in the testimony of the John Doe witness before the judge, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

**Defendants' Proposed Jury Instruction No. 9**

| | |
|---|---|
| _____ | Given |
| \_\_\_X\_\_\_ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source:* <u>*Illinois v. Gates,*</u> *462 U.S. 214, 238 (1983).*

**Plaintiff objects to said instruction because it does not properly state the law.** A search warrant may be shown to be invalid if the affidavit used to obtain it contains false statements made with reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Where a search warrant is based on false statements made in reckless disregard for the truth, whether probable cause existed is to be determined without the false statements. *US v. Harris*, 464 F.3d 733, 738 (7th Cir. 1986). The validity of a search warrant "must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and disclose, to the issuing magistrate." *Jacobs v. City of Chicago*, 215 F.3d 758, 768 (7th Cir. 2000).

Probable cause does not depend on whether John Doe's information to Officer Bauman was true at the time the warrant was secured. Rather, probable cause depends on whether the officer's reliance on John Doe's information was reasonable at the time the warrant was secured.

Probable cause to obtain a search warrant is not defeated merely because information underlying John Doe's testimony is later determined to be inaccurate, mistaken or false.

**Defendants' Proposed Jury Instruction No. 10**

| | |
|---|---|
| _____ | Given |
| X | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Gramenos v. Jewel Companies, 797 F.2d 432 (7th Cir. 1986); McKinney v. George, 726 F.2d 1183, 1187 (7th Cir. 1984); Maryland v. Garrison 480 U.S. 79 (1987); 725 ILCS 5/108-9*

**Plaintiff objects to said instruction because it does not properly state the law.** A search warrant may be shown to be invalid if the affidavit used to obtain it contains false statements made with reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Where a search warrant is based on false statements made in reckless disregard for the truth, whether probable cause existed is to be determined without the false statements. *US v. Harris*, 464 F.3d 733, 738 (7th Cir. 1986). The validity of a search warrant "must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and disclose, to the issuing magistrate." *Jacobs v. City of Chicago*, 215 F.3d 758, 768 (7th Cir. 2000).

A judge's determination of probable cause should be paid great deference in the determination of whether probable cause existed at the time the warrant was issued where the judge's inquiry of the John Doe permits him to assess the John Doe's credibility and allay any concerns he might have had about the veracity of the John Doe's statements.

**Defendants' Proposed Jury Instruction No. 11**

| | |
|---|---|
| _____ | Given |
| ___X___ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

*Source: Illinois v. Gates, 462 U.S. 213, 236 (1983)(citation omitted); United States v. Causey, 9 F.3d 1341, 1343-44 (7th Cir. 1993).*

**Plaintiff objects to said instruction because it does not properly state the law.** A search warrant may be shown to be invalid if the affidavit used to obtain it contains false statements made with reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Where a search warrant is based on false statements made in reckless disregard for the truth, whether probable cause existed is to be determined without the false statements. *US v. Harris*, 464 F.3d 733, 738 (7th Cir. 1986). The validity of a search warrant "must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and disclose, to the issuing magistrate." *Jacobs v. City of Chicago*, 215 F.3d 758, 768 (7th Cir. 2000).

### PLAINTIFF'S STATE LAW WILLFUL AND WANTON CONDUCT CLAIM

Plaintiff Edward Draine brings a claim that Defendant Chad Bauman engaged in willful and wanton conduct by leaving the front door of Plaintiff's home unsecured following the execution of the search warrant on Plaintiff's house.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1) Officer Bauman had a duty to protect Plaintiff's property following the execution of the search warrant;

2) Officer Bauman breached that duty;

3) Officer Bauman's breach of his duty to protect Plaintiff's property was the proximate cause of the loss of Plaintiff's property.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for the Defendant, and you will not consider the question of damages.

**Defendants' Proposed Jury Instruction No. 12**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| ___X___ | Withdrawn |
| _____ | Objected to |

*Source: Kahlily v. Francis, No. 08 C 1515, 2008 WL 5244596, at \*5 (N.D. Ill. Dec. 16, 2008); Kirwan v. Lincolnshire-Riverwoods Fire Protection Dist., 349 Ill.App.3d 150 (2nd Dist. 2004).*

**Plaintiff objects to said instruction.** The proper instruction is provided by the Illinois Pattern Jury Instructions. See Plaintiff's Proposed Instruction 9 above.

## DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant Chad Bauman. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of one of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring a Plaintiff. Conduct is in reckless disregard of a Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**Defendants' Proposed Jury Instruction No. 13**
_____         Given

62

| | |
|---|---|
| _____ | Rejected |
| ___X___ | Withdrawn |
| _____ | Objected to |

*Source: Seventh Circuit Pattern Jury Instruction 7.24*
**Plaintiff does not object to said instruction.**

Attorney's fees are solely a consideration for the Court.

**Defendants' Proposed Jury Instruction No. 14**

|   |   |
|---|---|
| __X__ | Given (as modified at the pretrial conference) |
| _____ | Rejected |
| _____ | Withdrawn |
| __X__ | Objected to |

*Source: 42 U.S.C. § 1988*

**Plaintiff objects to said instruction.** This instruction has never been given in any case to Plaintiff's knowledge, and for good reason. It would be prejudicial to Plaintiff to interject the issue of payment of attorney's fee into the case and it bears no relevance to any determination the jury must make.

A search warrant is presumed to be valid unless the affidavit used to obtain the search warrant contains false statements that were put into the affidavit intentionally or with reckless disregard for the truth. Furthermore, the search warrant is presumed to be valid unless the false statements put into the affidavit were necessary to the determination of probable cause to issue the warrant.

**Defendant's Proposed Jury Instruction No. 15**

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| X | Objected to |

*Source:* <u>Franks v. Delaware</u>, 438 U.S. 154, 155-56 (1978).

**Plaintiff's objection:** Plaintiff objects to said instruction in that it does not accurately state the law and is inapplicable to this case. First, the presumption of validity in *Franks* applies only to reviewing courts in the criminal law context, and it would be improper here and misdirect the jury. Further, the validity of the search warrant itself is not at issue, as it would be in a criminal case where the exclusionary rule may then apply. Rather, it is Defendant Baumann's knowledge at the time he made the warrant application and whether he reasonably relied on the information he presented to the judge, as well as whether he corroborated the John Doe's statements, that are the issues the jury must decide. <u>See</u>, <u>e.g.</u>, *Jacobs v. City of Chicago*, 215 F.3d 758, 768 (7th Cir. 2000); *United States v. Harris*, 464 F.2d 733, 738, 740 (7th Cir. 1986).

## DEFINITION OF "PROBABLE CAUSE"

Let me explain what "probable cause" means. There is probable cause for a search warrant when the known facts and circumstances are sufficient to warrant a police officer of reasonable prudence in the belief that evidence of a crime will be found.

Probable cause is a matter of common sense, based on the factual and practical considerations of everyday life.

In making a determination of probable cause, police officers are entitled to draw reasonable inferences from the facts before them, based on their training and experience.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that the information the warrant was based upon turned out not to be correct, does not by itself mean that there was no probable cause at the time the warrant was issued.

**Defendant's Proposed Jury Instruction No. 16**

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| X | Objected to |

*Source:* Suarez v. Town of Ogden Dunes, Ind., 581 F.3d 591, 596 (7th Cir. 2009), 7th Cir. Pattern Instr. 7.06.

**Plaintiff's objection:** Plaintiff does not object to instructing the jury solely with the first paragraph, which is very similar to Plaintiff's proposed instruction No. 14. The remainder of Defendant's instruction, however, modifies the Seventh Circuit's pattern instruction pertaining to probable cause for arrests, to which the defendants objected in Plaintiff's Proposed Instruction No. 5, and this Court agreed, and superfluous matters which unfairly favor the police.

66

# <u>VERDICT FORM</u>

We, the jury, find as to each of the claims of Plaintiff Edward Draine against Defendant,

Chad Bauman, as follows:

**Plaintiff's Claim of Unreasonable Search in Count I**:

<u>Check one and only one of the two choices,</u>
<u>*i.e.*, for Plaintiff OR for Defendant:</u>

      For Plaintiff                       For Defendant

         ☐                         ☐

Please complete the following section only if you have found for the Plaintiff. If you have found for the Defendant, do not complete this section.

<u>Compensatory Damages</u>:

If for Plaintiff, state the damages awarded:   $ _____

**Plaintiff's Claim of Willful and Wanton Conduct in Count II**:

<u>Check one and only one of the two choices,</u>
<u>*i.e.*, for Plaintiff OR for Defendant:</u>

      For Plaintiff                       For Defendant

         ☐                         ☐

Please complete the following only if you have found for the Plaintiff. If you have found for the Defendant, do not complete this section.

<u>Compensatory Damages</u>:

If for Plaintiff, state the damages awarded:   $ _____

Please sign and date below and return the entire Verdict Form to the marshal. (Each juror must sign the form.)

Date: _____

_____          _____
Foreperson                                            Juror

_____          _____
Juror                                                    Juror

_____          _____
Juror                                                    Juror

_____          _____
Juror                                                    Juror

**Defendants' Proposed Verdict Form**
   X       Given (as modified at the pretrial conference)
_____          Rejected
_____          Withdrawn
_____          Objected to

**Plaintiff objects to said instruction.** Plaintiff's verdict form is proper in that it informs the jury that they are not to award punitive damages if they have not awarded any compensatory damages.

68

**3.** Trial of this case is expected to take two days.

**4**. This will be a jury trial.

**5.** **E**ight (8) jurors be selected at the commencement of the trial. Each party will have four strikes in the selection of the jury.

**6.** The parties agree that the issues of liability and damages should not be bifurcated at trial.

**7.** The parties have consented to trial by the magistrate judge and this matter has already been assigned to the magistrate judge for trial.

**8.** This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

**9.** Possibility of settlement was considered by the parties.

IT IS SO ORDERED:


_____
Magistrate Judge Cole

Date: October 19, 2010


s/ Kurt H. Feuer
ATTORNEY FOR PLAINTIFF
Kurt H. Feuer
Law Office of Kurt H. Feuer
312 North May Street, Suite 100
Chicago, IL 60607
(312) 265-2208


s/ Thomas Aumann
ATTORNEY FOR DEFENDANTS

69

City of Chicago—Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-7630